1  Timothy D. Thurman, State Bar No. 216048
   TRINITY LAW ASSOCIATES
2  3470 Wilshire Blvd., Suite 930
3  Los Angeles, California 90010
   (213) 384 9000; (213) 402 3262 (fax)
4  tim.thurman@trinlaw.com
5  Attorneys for Plaintiff, The Great Nation Group

6

7

8              **UNITED STATES DISTRICT COURT**
9        **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES**

10

CV09-05297 RSWL (Ex)

11  THE GREAT NATION GROUP, a
    foreign corporation,                   )   CASE NO.:
12                                          )
13  Plaintiff,                             )
                                            )
14              v.                          )   1.  BREACH OF ORAL
                                            )       CONTRACT
15  D.M. DISCOVERIES, INC., a New          )   2.  RACKETEERING
16  York corporation; JACQUES RIBET        )   3.  CONVERSION
    EDUCATION, INC.; and DOES 1-           )   4.  FRAUD-
17  10,inclusive,                          )       INTERNATIONAL
18                                          )       MISREPRESENTATION
                                            )   5.  NEGLIGENT
19              Defendants.                 )       MISREPRESENTATION
                                            )   6.  MONEY HAD AND
20                                          )       RECEIVED
21                                          )   7.  UNJUST ENRICHMENT
                                            )
22                                          )
                                            )
23                                          )

24       **COMES NOW**, Plaintiff THE GREAT NATION GROUP, (hereinafter
25
26  referred to as "Great Nation Group" or "TGNG"), files this Complaint against
27
28



1  Defendants D.M. DISCOVERIES, INC. and JACQUES RIBET EDUCATION,

2  INC., and alleges as follows:

3

4                          **JURISDICTION**

5        1.      Jurisdiction within this Court is predicated upon a Federal question

6  arising under the United States Code.  Specifically the Plaintiff has sued for a

7

8  violation of 18 U.S.C. § 1962, et seq., commonly know as the Racketeering or

9  RICO.  Jurisdiction is also proper here because of the diversity of citizenship given

10 that the Plaintiff is a foreign corporation and the Defendants are New York and

11

12 California companies respectively.

13       2.      Plaintiff further pleads jurisdiction pursuant to the doctrine of *pendente*

14 jurisdiction as to various related State law causes of action.

15

16                            **VENUE**

17       3.      Plaintiff pleads venue within this district.  The Defendants, and each of

18 them, reside or have or are doing business within the district.

19

20                           **PARTIES**

21       4.      The Great Nation Group [hereinafter 'The Great Nation Group" or

22 "TGNG"] is a Chinese corporation that is an educational consulting company and

23

24 assists in placing children of Chinese nationals in American schools.

25       5.      Plaintiff is informed and believes, and on such information and belief

26 alleges, that Defendant, D.M. DISCOVERIES, INC. (referred to herein as "DMD"

27

28 or "DM DISCOVERIES") was, and at all times mentioned herein was, a New York,

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

2

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

1  not-for-profit corporation whose purpose was to assist children of foreign nationals

2  in gaining entrance to and finding housing for students to go to American schools.

3  Here, specifically, Plaintiff hired Defendant DMD to place a student named Junhao

4  Cai.

5

6      6.    Plaintiff is informed and believes, and on such information and belief

7  alleges, that Defendant, JACQUES RIBET EDUCATION, INC. (referred to herein

8  as "RIBET ACADEMY" or "RIBET") is, and at all times mentioned herein was, a

9  California corporation whose principle place of business and whose school is

10 located in the City of Los Angeles, County of Los Angeles.  Here, specifically,

11 DMD placed Junhao Cai at RIBET's school and arrange for homestay through

12 RIBET.

13

14     7.    The true names and capacities, whether individual, corporate, associate

15 or otherwise, of the defendants designated herein as "Does 1 through 10, inclusive",

16 are presently unknown to Plaintiff, who therefore sues said Defendants by such

17 fictitious names.  Said defendants are sued as principals and/or agents, servants, and

18 employees of said principals, and all of the acts performed by them as agents,

19 servants and employees were performed in the course and scope of their authority,

20 agency and employment.

21

22     8.    Plaintiff is informed and believes, and on such information and belief

23 alleges, that each of the Defendants designated herein as "DOES" is responsible in

24 some manner for the events and transactions alleged herein.  Plaintiff will seek leave

25

26

27

28

1  of the Court to amend this Complaint to show their true names and capacities when

2  the same have been ascertained.

## SUMMARY OF ACTION

9.    On or about the Spring of 2008, TGNG and DMD entered in to an oral contract whereby DMD would assist in placing TGNG clients' children in American schools, in addition to finding housing for the children to stay with Americans families. TGNG was to pay the costs of tuition and of the "homestay".

10.    The Parties hereto agreed to place one specific student, JUNHAO CAI, at RIBET ACADEMY.

11.    Defendant DMD fraudulently charged TGNG $28,060 for RIBET's school tuition and for money to pay his homestay family. Plaintiff is informed and believes, and thereupon alleges, however, that the total cost for tuition and homestay was $26,400 ($17,400 for tuition and $9000 for homestay), and NOT the $28,060 that DMD charged the Plaintiff.

12.    The oral contract entered into between DMD and Plaintiff did not provide for DMD to make any profit for the placement of JUNHAO CAI. Furthermore, DMD is a non-profit organization. Therefore, the charging of an extra $1660 is a breach of contract. Plaintiff did however, pay the total of $28,060 to DMD, and DMD was supposed to pay RIBET the money. Plaintiff does not know whether DMD paid RIBET the entire amount of $28,060, or who owes Plaintiff the refund. Plaintiff does allege, however, that the Defendants are jointly and severally

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

4

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000; (213) 402 3262 (fax) tim.thurman@trinlaw.com

1   liable for overcharging the Plaintiff.

2      13.   The Plaintiff was also overcharged for the homestay. Specifically,
3
4   JUNHAO CAI was assigned to a specific family for homestay, but only stayed with

5   that family for a week or less. He moved out because his roommate smoked and he

6   could not tolerate it. TGNG made a request with RIBET for a new family for
7
    homestay for CAI; however, TGNG was informed that another family was not
8
9   available. On its own initiative, TGNG found a new family for homestay for

10  JUNHAO CAI, and paid that family directly for the homestay. Accordingly, RIBET
11
    is liable to refund TGNG for the fees charged for the homestay because RIBET
12
13  never provided that service to TGNG or CAI.

14

15              **FIRST CAUSE OF ACTION**
16              **BREACH OF ORAL CONTRACT**
17              **(AGAINST ALL DEFENDANTS)**
18
19      14.   Plaintiff re-alleges each of the above paragraphs of this Complaint and
20
    incorporates them herein by this reference.
21
22      15.   Plaintiff is informed and believes and thereon alleges that Defendant
23
    DMD and RIBET, and DOES 1 to 5, and each of them, entered into certain oral
24
25  contracts with Plaintiff. The oral contract entered into provided, in material part, for

26  Defendants, and each of them, to represent Plaintiff, his company and his clients and

27  to provide placement in a school and a homestay family in the United States.
28

Specifically, DMD and RIBET were to provide schooling for and lodging for JUNHAO CAI.

16.    Plaintiff is informed and believes and thereon alleges the Defendants, and each of them, are and were aware of the terms of the oral contract, and orally agreed with Plaintiff to all terms of the oral contract, and, as such, entered into an oral contract with Plaintiff.  JUNHAO CAI was a third party beneficiary to the contract.

17.    Plaintiff is informed and believes and thereon alleges that pursuant to the oral contract, Defendants, and each of them, breached in the oral contract in the following ways:

    a.  Overcharging the Plaintiff for tuition;

    b.  Placing the student with an inappropriate host family, namely such that JUNHAO CAI was placed with a smoker;

    c.  Refusing to assist Plaintiff in locating an appropriate host family; and

    d.  Refusing to refund money owed to the Plaintiff, including, the amount overpaid for tuition and the fee paid for homestay since Plaintiff did not utilize the Defendants' homestay services.

18.    Plaintiff has at all material times performed and complied with all conditions and obligations required to be performed by Plaintiff pursuant to the oral contract, including, but not limited to the payment of almost $28,060.

19.    As a direct, proximate and foreseeable result of the contractual

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

6

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

breaches by Defendants, and each of them, Plaintiff has been compelled to pay fraudulent fees, and incur attorneys' fees, court costs and the expenses of this action, all in an amount to be proven at trial, but which exceeds $50,000.

## SECOND CAUSE OF ACTION
## RACKETEERING
## [18 U.S.C. § 1962 (b), (c), (d)]
## (AGAINST ALL DEFENDANTS)

20.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporate the same as though fully set forth at length.

21.    This cause of action is brought pursuant to 18 U.S.C. § 1962(b), (c) and (d). A racketeering ("RICO") action may be brought by conduct of an enterprise through a pattern of racketeering activity causing injury to Plaintiff.

22.    At all times material to this Complaint, Defendants, and each of them, and their   agents, DOES 1-5, individually, and collectively, constitute an "enterprise", as that term is defined in Title 18, United States Code, Section 1962 (b), (c), (d), The enterprise was engaged in, and the activities of which affected, interstate and foreign commerce. Furthermore, the Plaintiff is informed and believes that the enterprise made use of the U.S. mail, the bank wiring system, the telephone lines, and e-mail, across state lines. The enterprise has been, and continues to be, in the business, at all relevant times hereto, attempting to steal money from individuals, including the Plaintiff.

7

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

23.    Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned Defendants have engaged in practices that are unlawful under the Act, including but not limited to converting the Plaintiff's money and causing harm to Plaintiff's client, JUNHAO CAI.

24.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damages, in an amount to be proven at time of trial, but which exceeds $50,000.

25.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

26.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights.  Plaintiff is thereby entitled to an award of treble damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

///
///
///
///

## THIRD CAUSE OF ACTION

### CONVERSION (California Civil Code §§ 3336, 3294)

PLAINTIFF'S COMPLAINT FOR DAMAGES

**(AGAINST ALL DEFENDANTS)**

27.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporate the same as though fully set forth at length.

28.    To date, Plaintiff has paid Defendants the sum of $28,060. These were monies that were paid for the benefit of JUNHAO CAI. At all relevant times, all fees paid to Defendants belonged to the Plaintiff, until such a time as they are earned by Defendant RIBET for tuition or homestay fees. Given that Defendant RIBET did not provide homestay fees for JUNHAO CAI, and given that RIBET and DMD overcharged Plaintiff for tuition, then such moneys paid for homestay fees are in fact the property of the Plaintiff.

29.    Defendants DMD and RIBET have knowingly and intentionally converted the unearned tuition and homestay's fees, and utilized such fees for their own use, benefit, and enjoyment.

30.    The Plaintiff has been injured by Defendants' intentional conversion of unearned fees. Plaintiff TGNG is entitled to all monies converted by Defendants, with interest, as well as any and all profits, whether direct or indirect, which Defendants acquired by their unlawful conversion, all in an amount to be proven at trial, but which exceeds $25,000.

31.    Furthermore, Defendants' conversion was oppressive, malicious and in conscious disregard of the rights of the Plaintiff, who is thus entitled to punitive damages pursuant to California Civil Code §3294.

///
///
///
///

## FOURTH CAUSE OF ACTION

### FRAUD-INTENTIONAL MISREPRESENTATION

9

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000; (213) 402 3262 (fax) tim.thurman@trinlaw.com

**(AGAINST ALL DEFENDANTS)**

32.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporate the same as though fully set forth at length.

33.    Before, during and after the time Defendant entered into the agreement with Plaintiff, Defendants made the following representations to Plaintiff:

(a)    Defendant DMD would place JUNHAO CAI in an American school and find him a suitable host family with whom he could live;

(b)    Defendant DMD would only charge what the school charged them, i.e. would make no profit; and

(c)    Defendant RIBET would charge DMD and TGNG the regular tuition price and would place JUNHAO CAI with a suitable family;

34.    The representations Defendant made was in fact false.  The true facts were and are that:

(a)    Defendants did not find JUNHAO CAI an appropriate family with whom to live and did not assist in finding a new family; and

(b)    Charge the Plaintiff above and beyond the regular price for tuition.

35.    When Defendants made these representations to Plaintiff, they knew that their representations were false in that Defendants had no intention of performing these obligations and/or had no ability to perform these functions, and made these representations with the intent to deceive the Plaintiff into first contracting with the Defendants and then continuing to pay them.

36.    Plaintiff, at the time the various representations were made, and at the time Plaintiff took the actions set forth in this Complaint, was ignorant of the falsity of Defendants' representations and believed them to be true and believed further assurances that Defendants would in fact perform.   In reliance upon these representations and continued assurances, Plaintiff was induced to and did enter into a contract with Defendants and continued to do business with Defendants.

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000; (213) 402 3262 (fax) tim.thurman@trinlaw.com

1 Plaintiff's reliance on Defendants' representations was justified because Defendants
2 held themselves out to be qualified and allegedly possessed the knowledge, skill and
3 experience necessary to the performance of the obligations required.

4    37.    As a result of Defendant's fraudulent misrepresentations, Plaintiff was
5 induced to pay Defendant, and incurred expenses to third parties and expects to
6 incur further expenses in the future, all in an amount the precise amount of which is
7 presently unknown but is an amount in excess of $50,000.

8    38.    Defendants acts alleged above were willful, wanton, malicious, and
9 oppressive, were undertaken with the intent to defraud or otherwise cause injury,
10 and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in
11 conscious disregard of Plaintiff's rights, so as to justify the awarding of exemplary
12 and punitive damages pursuant to California Civil Code § 3294.

13

14                  **FIFTH CAUSE OF ACTION**
15                  **NEGLIGENT MISREPRESENTATION**
16                  **(AGAINST ALL DEFENDANTS)**

17    39.    Plaintiff repeats and re-alleges each and every allegation contained in
18 the above paragraphs and incorporate the same as though fully set forth at length.
19 Before, during and after the time Defendants entered into a contract with the
20 Plaintiff, Defendants made the representations to Plaintiff set out in Paragraph 33
21 above.

22    40.    Plaintiff is informed and believes and based thereon alleges that
23 Defendants, at the time said representations were made, had no reasonable basis for
24 making said representations but knew Plaintiff would rely on those representations
25 and enter into the contract and pay Defendants' fees.

26    41.    Plaintiff is informed and believes and based thereon alleges that when
27 Defendants made these representations to Plaintiff, they knew that their
28

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

representations were false in that Defendants had no-intention of performing these obligations and/or had no ability to perform these functions and each made these representations with the intent to deceive the Plaintiff into first contracting with the Defendants and then continuing to deal with them.

42.     Plaintiff, at the time the various representations were made, and at the time Plaintiff took the actions set forth in this Complaint, was ignorant of the falsity of Defendants' representations and believed them to be true and believed further assurances that Defendants would correct those items which were not performed or completed as promised and represented.  In reliance upon these representations and continued assurances, Plaintiff was induced to and did pay Defendants money and continued to do business with Defendants.  Plaintiff's reliance on Defendants' representations was justified because Defendants held themselves out to possess the knowledge, skill and experience necessary to the performance of the obligations required by the representation agreement.

43.     As a result of Defendants' negligent misrepresentations, Plaintiff was induced to pay Defendants' fees, and has now incurred expenses to third parties and expects to incur further expenses in the future, all in an amount the precise amount of which is presently unknown but is an amount in excess of $50,000.

## SIXTH CAUSE OF ACTION
### MONEY HAD AND RECEIVED
### (AGAINST ALL DEFENDANTS)

44.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporate the same as though fully set forth at length.

45.     To date, within the last two years, Plaintiff has paid Defendants the sum of $28,060.  Defendants, and each of them inclusive, became indebted to Plaintiff TGNG for money had and received from Plaintiff, in the sum of $28,060.

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

1  Although demand has been made, Defendants, and each of them, have failed and

2  refused and continue to fail and refuse to pay Plaintiff said sums; and there is now

3  due, owing and unpaid from Defendants to Plaintiff, after all just credits and offsets

4  of $17,400, the sum of $10,660, together with interest thereon at the rate of ten

5  percent (10%) per annum from August of 2008.

6

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 ffax\ tim.thurman@trinlaw.com

## SEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (AGAINST ALL DEFENDANTS)

10      46.    Plaintiff repeats and re-alleges each and every allegation contained in

11  the above paragraphs and incorporate the same as though fully set forth at length.

12      47.    Plaintiff is informed and believe and based thereon alleges that by

13  reason of the foregoing acts as herein alleged, Defendants, and each of them, have

14  become unjustly enriched at the Plaintiff's expense in a substantial sum the precise

15  amount of which is not yet ascertainable, but which will be subject to proof at trial.

16

## PRAYER

18      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

19  them, as follows:

20  **For the First Cause of Action**:

21      1.    For general damages in a sum subject to proof at trial but in excess of

22  $50,000;

23      2.    For consequential damages in a sum subject to proof at trial;

24      3.    For prejudgment interest at the legal rate per annum;

25      4.    For attorneys' fees subject to proof at trial;

26      5.    For costs of suit herein incurred; and

27      6.    For such other relief as the Court may deem just and proper.

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

**For the Second Cause of Action**:

1.    For treble general damages in a sum subject to proof at trial but in excess of $50,000;

2.    For treble consequential damages in a sum subject to proof at trial;

3.    For prejudgment interest at the legal rate per annum;

4.    For attorneys' fees subject to proof at trial;

5.    For costs of suit herein incurred; and

6.    For such other relief as the Court may deem just and proper.

**For the Third Cause of Action**:

1.    For general damages in a sum subject to proof at trial but in excess of $50,000;

2.    For consequential damages in a sum subject to proof at trial;

3.    For punitive damages in an amount subject to proof at trial but sufficient to punish Defendants and deter them from similar conduct in the future;

4.    For prejudgment interest at the legal rate per annum;

5.    For attorneys' fees subject to proof at trial;

6.    For costs of suit herein incurred; and

7.    For such other relief as the Court may deem just and proper.

**For the Fourth Cause of Action**:

1.    For general damages in a sum subject to proof at trial but in excess of $50,000;

2.    For consequential damages in a sum subject to proof at trial;

3.    For punitive damages in an amount subject to proof at trial but sufficient to punish Defendants and deter them from similar conduct in the future;

4.    For prejudgment interest at the legal rate per annum;

5.    For attorneys' fees subject to proof at trial;

6.    For costs of suit herein incurred; and

PLAINTIFF'S COMPLAINT FOR DAMAGES

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

1    7.    For such other relief as the Court may deem just and proper.

2    **For the Fifth Cause of Action:**

3    1.    For general damages in a sum subject to proof at trial but in excess of

4    $50,000;

5    2.    For consequential damages in a sum subject to proof at trial;

6    3.    For prejudgment interest at the legal rate per annum;

7    4.    For attorneys' fees subject to proof at trial;

8    5.    For costs of suit herein incurred; and

9    6.    For such other relief as the Court may deem just and proper.

10    **For the Six Cause of Action:**

11    1.    For general damages in a sum subject to proof at trial but in excess of

12    $50,000;

13    2.    For consequential damages in a sum subject to proof at trial;

14    3.    For prejudgment interest at the legal rate per annum;

15    4.    For attorneys' fees subject to proof at trial;

16    5.    For costs of suit herein incurred; and

17    6.    For such other relief as the Court may deem just and proper.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    **For the Seventh Cause of Action:**

27    1.    For general damages in a sum subject to proof at trial but in excess of

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  $50,000;

2      2.     For consequential damages in a sum subject to proof at trial;

3      3.     For prejudgment interest at the legal rate per annum;

4      4.     For attorneys' fees subject to proof at trial;

5      5.     For costs of suit herein incurred; and

6      6.     For such other relief as the Court may deem just and proper.

7  DATED: July 20, 2009            TRINITY LAW ASSOCIATES, INC.

8

9                          By:

10                          Timothy D. Thurman

11                          Attorney for Plaintiff,

12                          THE GREAT NATION GROUP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRINITY LAW ASSOCIATES, INC.
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
(213) 384 9000: (213) 402 3262 (fax) tim.thurman@trinlaw.com

16

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 5297 RSWL (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Timothy D. Thurman, State Bar No. 216048
3470 Wilshire Blvd., Suite 930
Los Angeles, CA 90010
Tel: 213-384-9000; Fax: 213-402-3262

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GREAT NATION GROUP, a foreign corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>D.M. DISCOVERIES, INC., a New York corporation; JACQUES RIBET EDUCATION, INC.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 09-05297** RSWL (Ex)<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): ***AL NAMED DEFENDANTS***

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Timothy D. Thurman_____, whose address is _3470 Wilshire Blvd., Suite 930, Los Angeles, CA 90010_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUL 2 0 2009___

By: _____
Deputy Clerk

1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>THE GREAT NATION GROUP, a foreign corporation, | **DEFENDANTS**<br>D.M. DISCOVERIES, INC., a New York corporation; Jacques Ribet Education, INC.; and DOES 1-10 inclusive, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Trinity Law Associates<br>3470 Wilshire Blvd., Suite 930<br>Los Angeles, CA 90010 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ 500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | PERSONAL INJURY | PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☑ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**💬‧ CV09-05297**

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Jeffrey D. Sloma_ _____ Date _7/20/09_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |