1  CHRISTOPHER M. PISANO, Bar No. 192831
   Christopher.Pisano@bbklaw.com
2  LAURA L. CRANE, Bar No. 238246
   Laura.Crane@bbklaw.com
3  BEST BEST & KRIEGER LLP
   300 South Grand Avenue
4  28th Floor
   Los Angeles, CA  90071
5  Telephone: (213) 617-8100
   Telecopier: (213) 617-7480

Attorney for Defendant
Jacques Ribet Education, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| THE GREAT NATION GROUP, a foreign corporation, | Case No.  CV09-05297 RSWL (Ex) |
|---|---|
| Plaintiff, | DEFENDANT JACQUES RIBET EDUCATION, INC.'S UNILATERAL RULE 26(f) REPORT |
| v. | Scheduling Conference: |
| D.M. DISCOVERIES, INC., a New York corporation; JACQUES RIBET EDUCATION, INC.; and DOES 1-10, inclusive, | Date:     December 15, 2009<br>Time:     10:00 a.m.<br>Crtm.:     21 |
| Defendants. | |

Defendant Jacques Ribet Education, Inc. hereby submits its unilateral Rule 26(f) report in anticipation of the December 15, 2009 Scheduling Conference. The undersigned counsel for Defendant has made numerous attempts to contact Plaintiffs' counsel to conduct the required meeting of counsel pursuant to the Federal and Local Rules and this Court's Order, but thus far counsel has failed to be responsive to any of Defendant's requests. Until such time as the parties are able to meet, Defendant submits this unilateral report on the required matters.

## I. **FED. R. CIV. P. 26(F)(1)**

Defendant does not believe that any changes should be made to the form or requirement for disclosures under Rule 26(a). Defendant will provide its Initial Disclosures to Plaintiff's counsel within 14 days of the meeting of counsel.

## II. **FED. R. CIV. P. 26(F)(2)**

Discovery is necessary on the facts underlying each of Plaintiff's contentions in its Complaint, including Plaintiff's claim that Federal jurisdiction is proper.

## III. **FED. R. CIV. P. 26(F)(3)**

Defendant proposes that electronically stored information be produced, at least initially in a printed hardcopy format. Defendant reserves its right, however, to request the production of electronically stored information in its native format.

## IV. **FED. R. CIV. P. 26(F)(4)**

Defendant proposes the following procedure to assert claims of privilege after privileged documents have been produced and respectfully requests the Court include it in its Scheduling Order in this case: If a producing party discovers that it has inadvertently produced privileged or work-product material, it shall promptly notify the receiving party and ask for the return of such material. The receiving

1  party shall then either return or destroy that inadvertently material immediately
2  (including any copies or derivatives thereof) or, if there is a good-faith argument
3  that the privilege has been waived, sequester the disputed material and refrain from
4  any further use of it until such time as the dispute is resolved, whether by meet and
5  confer or by motion to the Court.  Furthermore, if the receiving party is the first to
6  recognize that material produced in discovery may be privileged or attorney work-
7  product material, the receiving party shall refrain from any further review of the
8  material, shall notify the producing party as soon as possible of the inadvertent
9  production, shall ask the producing party whether such material should be returned
10 or destroyed, and if so requested by the producing party, shall return or destroy the
11 material.  If under either such scenario, however, there is a good-faith argument that
12 the privilege has been waived, the receiving party shall sequester the disputed
13 material and refrain from any further use of it until such time as the dispute is
14 resolved, whether by meet and confer or by motion to the Court.

## V. **FED. R. CIV. P. 26(F)(5)**

Defendant does not believe that any changes should be made in the limitations on discovery imposed under the Federal or Local Rules, nor that any additional limitations should be imposed.

## VI. **FED. R. CIV. P. 26(F)(6)**

Defendant does not see, at this point, the need for any protective orders in this case.  If such a need arises in the future, Defendant will propose the parties work together to develop an appropriate protective order and submit such a proposed order to the Court for approval.

## VII. FED. R. CIV. P. 16(B)

Subject to discussion with Plaintiff's counsel, Defendant make the following proposals for the matters enumerated in Fed. R. Civ. P. 16(b)(1) through (6):

| | |
|---|---|
| Last day to join other parties and amend the pleadings: | December 31, 2009 |
| Last day to file dispositive motions: | May 18, 2010 |
| Last day to complete discovery: | April 16, 2010 |
| Initial Disclosures due: | December 31, 2009 |
| Disclosure of electronically stored information: | See supra, Part III |
| "Claw-back" provisions: | See supra, Part IV |

## VIII. FED. R. CIV. P. 16(C)(2)

Because the parties have not yet been able to conduct the early meeting of counsel, it is not yet possible to discuss which specific matters under Rule 16(c)(2) may be appropriate for discussion at the scheduling conference. If the parties are able to come to any such agreement at their meeting of counsel, such matters will be addressed in an updated, joint, Rule 26(f) report.

## IX. LOCAL RULE 26-1(A)

Defendant does not believe that this case is complex, or that the Manual for Complex Litigation should be used.

## X. LOCAL RULE 26-1(B)

Based on Plaintiff counsel's complete lack of response to all communications made on behalf of Defendant, Defendant anticipates moving for sanctions pursuant to Federal Rules of Civil Procedure, Rule 11. Should this case continue and depending on the results of discovery, Defendant may file a Motion for Summary

Judgment or Partial Summary Judgment.  Defendant proposes a motion hearing cutoff of June 15, 2010.

## XI.   LOCAL RULE 26-1(C)

Counsel have not yet had an opportunity to discuss the prospects for settlement.  Defendant has made a settlement offer, however, no response has been received.  Defendant proposes the parties appear before the district judge or magistrate judge assigned to this case for such settlement proceedings as the judge may conduct or direct.

## XII.   LOCAL RULE 26-1(D).

Without yet having taken any discovery, it is difficult to estimate the time required for trial, but as of now, Defendant estimates 1 day for trial.

## XIII.   LOCAL RULE 26-1(E)

Plaintiff has named D.M. DISCOVERIES, INC., a New York corporation, as an additional defendant.  However, Defendant is informed and believes D.M. Discoveries, Inc. has not been served with the summons and complaint.  Therefore, D.M. Discoveries, Inc. has not appeared in this case.

## XIV.   LOCAL RULE 26-1(F)

Defendant does not anticipate a need for expert witnesses in this matter.

Dated:  December 8, 2009               BEST BEST & KRIEGER LLP

By: **/s/ Laura L. Crane**
CHRISTOPHER M. PISANO
LAURA L. CRANE
Attorneys for Defendant
Jacques Ribet Education, Inc.